UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ELIZABETH GRAVES,

      Plaintiff,

v.                              Civil Action No. 2:24-cv-00103

ELIZABETH HUFFMAN ELKINS,
BRANDON ELKINS, PNC BANK,
NATIONAL ALLIANCE,
GOLDEN & AMOS, P.L.L.C.,
DOE CORPORATION 1-10,
DOE REAL ESTATE COMPANY 1-10,

      Defendants.

MEMORANDUM OPINION AND ORDER

      Pending before the court is plaintiff Elizabeth Graves's ("Graves" or "plaintiff") Motion for Leave to Amend Complaint, filed on March 5, 2024. ECF 4. No defendant filed a response.[1] The motion is ripe for determination.

A. Procedural History

      This case arises from the foreclosure of real estate owned by plaintiff in South Charleston, West Virginia.

---

[1] Local Rule of Civil Procedure Rule 7.1 states that for any motion, a response is due within 14 days of the filing of the motion. L. R. Civ. P. 7.1(a)(7). Plaintiff's motion was filed on March 5, 2024, requiring any response to be filed by March 19, 2024.

Plaintiff states that she became the owner of real property located at 114 Gettysburg Road, South Charleston, West Virginia ("the property"). Compl., ECF 1-1 at ¶ 12. Plaintiff purchased the property on August 30, 2019, receiving a mortgage for $328,173 through Gateway Mortgage Group ("GMG" or "lender"), a division of Gateway First Bank, which was secured by a deed of trust on the property. Id. at ¶¶ 13-14. At that time, Chris Eller was the trustee. Id. at ¶ 15. Mortgage Electronic Registration System, Inc. ("MERS"), a Delaware company, acted as a nominee for GMG and was the beneficiary under the security instrument. Id. at ¶¶ 14,16.

On June 2, 2023, MERS assigned and transferred all rights in the deed of trust to PNC Bank, National Association ("PNC"), and Golden & Amos, PLLC ("Golden & Amos") were substituted as trustee on October 13, 2023. Id. at ¶ 18-19.

From September 2019 to November 15, 2023, plaintiff avers she received monthly mortgage statements from PNC. Id. at ¶ 17. However, plaintiff states upon information and belief that PNC instituted a non-judicial foreclosure through the substitute trustee, Golden & Amos. Id. at ¶ 20.

On December 29, 2023, plaintiff's next-door neighbors, defendants Elizabeth Huffman Elkins and her husband, Brandon Elkins ("the Elkins") served a Notice to Vacate on plaintiff,

requiring plaintiff to vacate the premises on or about January 29, 2024. Id. at ¶ 23. Plaintiff alleges that defendant Elizabeth Elkins told plaintiff that she purchased the property "prior to the notice of foreclosure being published in the newspaper in order to save [her] embarrassment." Id. at ¶ 24. Plaintiff avers that she did not receive a copy of the notice of foreclosure from either the trustee, Golden & Amos, or PNC Bank, and was unaware of the foreclosure proceedings because of the lack of publication. Id. at ¶ 26.

On February 6, 2024, plaintiff filed her complaint in the Circuit Court of Kanawha County, seeking an injunction and moving the court to set aside a foreclosure sale of her home. ECF 1-1.

On March 1, 2024, defendant PNC Bank filed with the court a Notice of Removal, asserting that the court has federal question jurisdiction over the matter as plaintiff has asserted a claim in Count III of her complaint under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, arising under federal law and the court may exercise its supplemental jurisdiction over plaintiff's state law claims. Not. of Removal, ECF 1 at ¶ 11.

On March 5, 2024, plaintiff filed the instant motion and supporting memorandum. ECF 4-5. No defendant filed a

response.

### B. Governing Standard

Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course, no later than 21 days after service of a responsive pleading, if the pleading is one to which a responsive pleading is required.  F. R. Civ. P. Rule 15(a)(1)(B).

Under Rule 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave" – leave to amend should be "freely given" when "justice so requires."  F. R. Civ. P. Rule 15(a)(2).  However, such leave should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Food Co., 785 F.2d 503, 509 (4th Cir. 1986)).

### C. Analysis

Plaintiff seeks leave to amend her complaint pursuant to Federal Rules of Civil Procedure Rule 15(a)(2).  ECF 3 at 1.  Through the amended complaint, plaintiff "seeks to remove any references to or inferences to federal jurisdiction in [her] cause of action."  Id.

Plaintiff's complaint, which requires a responsive pleading (an answer by each defendant), was filed on January 18, 2024, in the Circuit Court of Kanawha County.  ECF 1-1 at 5.  No defendant filed an answer in the Circuit Court.  ECF 4 at ¶ 10.  Defendant PNC Bank, the only defendant to file an answer, filed its answer in this court on March 8, 2024.  ECF 5.  Plaintiff has not previously amended her complaint nor sought leave to do so in state court or this court.[2]  ECF 4 at ¶ 9.

Inasmuch as plaintiff's complaint requires a responsive pleading and the first answer to her complaint was filed, by PNC, on March 8, 2024, three days after the filing of her motion for leave to amend, ECF 3, plaintiff may amend her complaint as a matter of course.  F. R. Civ. P. Rule 15(a)(1)(B).

It is, accordingly, ORDERED that plaintiff file an amended complaint herein on or before March 29, 2024.

---

[2] Plaintiff states in her memorandum supporting the motion that she prepared an amended complaint on March 1, 2024, which was to be filed with the Circuit Court of Kanawha County on March 4, 2024.  ECF 4 at ¶ 5.  However, PNC Bank removed the case on March 1, 2024.  ECF 1.

The Clerk is requested to transmit this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties.

ENTER: March 20, 2024

John T. Copenhaver, Jr.
Senior United States District Judge