UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


ELIZABETH GRAVES,

        Plaintiff,

v.                                   Civil Action No. 2:24-cv-00103

ELIZABETH HUFFMAN ELKINS,
BRANDON ELKINS, PNC BANK,
NATIONAL ALLIANCE,
GOLDEN & AMOS, P.L.L.C.,
DOE CORPORATION 1-10,
DOE REAL ESTATE COMPANY 1-10,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is plaintiff Elizabeth Graves' ("plaintiff" or
"Graves") Motion to Remand, filed on March 20, 2024.  ECF 9.


A. Procedural History


        This case arises from the foreclosure of real estate
owned by plaintiff in South Charleston, West Virginia.
Plaintiff states that she became the owner of real property
located at 114 Gettysburg Road, South Charleston, West Virginia
("the property").  Compl., ECF 1-1 at ¶ 12.  Plaintiff purchased
the property on August 30, 2019, receiving a mortgage for
$328,173 through Gateway Mortgage Group ("Gateway"), a division
of Gateway First Bank, which was secured by a deed of trust on

the property.  Id. at ¶¶ 13-14.  At this time, Chris Eller was the trustee.  Id. at ¶ 15.  Mortgage Electronic Registration System, Inc. ("MERS"), a Delaware company, acted as a nominee for Gateway and was the beneficiary under the security instrument.  Id. at ¶¶ 14,16.

On June 2, 2023, MERS assigned and transferred all rights in the deed of trust to PNC Bank, National Association ("PNC"), and Golden & Amos, PLLC ("Golden & Amos") were substituted as trustee on October 13, 2023.  Id. at ¶ 18-19.

From September 2019 to November 15, 2023, plaintiff avers she received monthly mortgage statements from PNC.  Id. at ¶ 17.  However, upon information and belief, plaintiff states that PNC instituted a non-judicial foreclosure through the substitute trustee, Golden & Amos.  Id. at ¶ 20.

On December 29, 2023, plaintiff's next-door neighbors, defendants Elizabeth Huffman Elkins and her husband, Brandon Elkins ("the Elkins") served a Notice to Vacate on plaintiff, requiring plaintiff to vacate the premises on or about January 29, 2024.  Id. at ¶ 23.  Plaintiff alleges that defendant Elizabeth Elkins told plaintiff that she purchased the property "prior to the notice of foreclosure being published in the newspaper in order to save [her] embarrassment."  Id. at ¶ 24. Plaintiff avers that she did not receive a copy of the notice of

foreclosure from either the trustee, Golden & Amos, or PNC Bank, and was unaware of the foreclosure proceedings because of the lack of publication.  Id. at ¶ 26.

On February 6, 2024, plaintiff filed her complaint in the Circuit Court of Kanawha County, seeking an injunction and moving the court to set aside a foreclosure sale of her home. ECF 1-1.

On Friday, March 1, 2024, defendant PNC Bank filed with the court a Notice of Removal, asserting that the court has federal question jurisdiction over the matter as plaintiff has asserted a claim in Count III of her complaint under the Fair Debt Collection Practices Act arising under federal law and the court may exercise its supplemental jurisdiction over plaintiff's state law claims.  Not. of Removal, ECF 1 at ¶ 11.

On Tuesday, March 5, 2024, plaintiff filed a motion seeking leave of court to amend her complaint with a supporting memorandum.[1]  ECF 4-5.  Attached to the motion as Exhibit 4 was a copy of the proposed amended complaint, which removed Count III,

---

[1] The effective date of the amended complaint is March 5, 2024, inasmuch as it was submitted to the court as an exhibit to the motion for leave to amend and the plaintiff could at that time amend her complaint as a matter of course under Federal Rules of Civil Procedure Rule 15(a)(1)(B).  Nevertheless, on March 20, 2024, the court entered an order that directed the plaintiff to file her amended complaint on or before March 29, 2024.  ECF 10.

the only federal claim.  ECF 4-1.  No defendant responded to the motion.

On March 8, 2024, plaintiff filed the motion to remand and supporting memorandum.  ECF 8-9.  On March 29, 2024, plaintiff again filed her amended complaint, which removed Count III.  Defendant PNC Bank, N.A. ("PNC") filed a response to plaintiff's motion to remand on April 1, 2024.  ECF 20.  Plaintiff filed no reply.

### B. Governing Standard

The removal statute, 28 U.S.C. § 1441(a), allows the removal of "any civil action brought in a State court of which the district court would have original jurisdiction."  28 U.S.C. § 1331 grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction, one form of original jurisdiction, grants district courts jurisdiction over "cases in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983); Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002).

4

The burden of establishing removal jurisdiction falls upon the removing party.  Mulcahey v. Colum. Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.  Marshall v. Manville Sales, Corp., 6 F.3d 229, 232 (4th Cir. 1993).

The removal statute further states that a district court "may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Walsh v. Mitchell, 427 F. App'x 282, 283 (4th Cir. 2011) (detailing that "[a] district court enjoys discretion to decline to exercise supplemental jurisdiction over state law claims after dismissal of all claims brought pursuant to its original jurisdiction").

In considering whether to decline to exercise jurisdiction under § 1367(c), courts should consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001).  Where "all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise

jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) (noting that "if ... federal claims are dismissed before trial ... the state claims should be dismissed as well..."). However, where the "plaintiff ... [attempts] to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors ... support a remand." Carnegie-Mellon, 484 U.S. at 357.

## C. Analysis

After plaintiff's amendment of her complaint to remove her only federal claim, Count III, the remaining claims in this action are all state-law claims, and plaintiff's success on those claims does not "necessarily depend[] on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28.

Plaintiff avers that (1) as plaintiff's amended complaint removed "any allegations or inferences regarding federal claims ... Federal question jurisdiction [was consequently removed] and renders [] PNC's Notice of Removal moot"; and (2) the court should decline subject matter jurisdiction of this matter as all federal claims have been eliminated by the filing of her Amended Complaint. Memo. of Law

In Support of P.'s Mot. to Remand, ECF 9 at ¶¶ 14, 16-18.
Plaintiff asserts that her inclusion of claims regarding a
violation of 15 U.S.C. § 1692(g) in her complaint was "a
clerical error" and was alleged only against defendant PNC.  Id.
at ¶ 12.  Plaintiff further asserts in her briefing that counsel
discovered this error prior to removal; plaintiff intended to
file an amended complaint without the federal cause of action in
the circuit court on March 4, 2024; and plaintiff signed and
caused to have notarized a verification to be filed along with
the amended complaint prior to the noon hour on March 1, 2024.[2]
Id. at ¶¶ 4-6.  However, plaintiff further contends that
defendant removed the case to federal court during the afternoon
of March 1, 2024, before plaintiff could file her amended
complaint in the circuit court.  Id. at ¶ 7.

In support of remand, plaintiff states that "[r]emoval
of [the federal] allegation and any inference regarding federal
jurisdiction from the Amended Complaint allows [her] to litigate
her claims in the Circuit Court of Kanawha County, West
Virginia, as she intended."  Id. at ¶ 12.  Plaintiff further
states as none of the remaining allegations relate to any

---

[2] The verification in question is not attached to the motion to
remand but was attached to plaintiff's motion for leave to amend
the complaint.  See ECF 3 at 48.

questions regarding federal law, this court consequently lacks federal question jurisdiction over her claims.  Id. at ¶ 12, 14.

PNC responds, saying that the case should remain in federal court where it was properly removed based on federal question jurisdiction.  ECF 20 at 1.  PNC argues that it would be a proper and efficient use of the court's discretion to retain the case as plaintiff's entire lawsuit is predicated on deficient claims and that the claims are unlikely to proceed beyond the pleading stage, meaning that remand would drive up costs and delay the dismissal of plaintiff's complaint.  Id. at 10.  Further, PNC argues that judicial economy is best served by retaining the case in federal court, which has already had an opportunity to rule on virtually identical claims in other cases."  Id. at 9.

Plaintiff is mistaken in the belief that amending her complaint to remove all federal claims both removes the court's federal question jurisdiction and renders PNC's Notice of Removal moot.  As PNC correctly points out, federal jurisdiction is fixed at the time a notice of removal is filed.  Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941, 943 (4th Cir. 2008). Because of this, subsequent amendment of the complaint following removal to federal court does not remove the federal court's jurisdiction over the remaining claims.  See Porsche Cars N.

Am., Inc. v. Porsche.net, 302 F.3d 248, 255–56 (4th Cir. 2002) (noting that there is "no support for the ... proposition that the conditions that create subject-matter jurisdiction must necessarily persist throughout the life of a case"); see also 28 U.S.C. § 1367(c)(3) (detailing that the court "may decline to exercise supplemental jurisdiction over a claim ... [where] the district court has dismissed all claims over which it has original jurisdiction.").

Regarding supplemental jurisdiction over plaintiff's remaining state law claims, PNC relies on the court's decision in Dougherty v. Cerra, No. 2:09-cv-443, 2010 WL 276175 (S.D.W. Va. Jan. 20, 2010) to support retaining the case in federal court.  PNC avers that the court in Dougherty held that "remanding after plaintiff amends a pleading ... in the absence of 'substantive and meritorious reasons' is improper and will not result in remand."  ECF 20 at 8 (quoting Dougherty, 2010 WL 276175 at *3-4).

The court's decision in Dougherty relied on the "substantive and meritorious reason" factor developed in the Fourth Circuit's decision in Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004).  In Harless, our court of appeals encountered a plaintiff whose state action was removed to federal court on complete preemption grounds.  Plaintiff moved

to amend the complaint so as to eliminate the original basis for federal subject matter jurisdiction.  In allowing the amendment, the district court nonetheless retained the case on the grounds that the amended pleading yet contained completely preempted claims.  In response, plaintiff moved to amend the complaint for a second time, which the district court allowed.  The second amended complaint contained four purely state law claims, which ultimately resulted in remand.

Defendant appealed, arguing that the district court "abused its discretion by permitting Harless to make repeated amendments to her pleadings for the sole purpose of avoiding federal preemption and federal jurisdiction."  Id. at 447.

The court of appeals, cognizant of plaintiff's at-best mixed intent in seeking multiple amendments, held that the district court did not abuse its discretion in granting remand:

> While Harless clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings. Her counsel candidly represented to the Court that in drafting the Complaint, he never intended to allege a federal claim. It was his intention to allege a claim based solely on state law. Counsel confirmed that position in his argument before this Court.
>
> Here, Harless had a substantive and meritorious reason to amend the Complaint other than simply defeating federal jurisdiction. Once the district court found the amendment to be made in good faith, the decision to remand to state court resided within the discretion of the trial court. When a district court relinquishes jurisdiction over a removed case involving pendent claims, the Court has the

discretion to remand the case to the state court in which
the action was initially filed.

Id. at 447–48.

Unlike the plaintiff in Harless, which was involved
with complete preemption issues, plaintiff had no substantive
and meritorious reason in amending the complaint other than to
support a remand to state court.  After removal, plaintiff
simply undertook to defeat the basis for federal jurisdiction
that she had provided in her original complaint.  Plaintiff
avers that her assertion of a federal claim in original Count
III was a "clerical error."  However, Count III of the original
complaint was not a mere clerical error but was a fully and
separately formed count, asserting violations by PNC of 15
U.S.C. § 1692(g), which is the federal Fair Debt Collection
Practices Act, by PNC's foreclosure and sale of the property,
allegedly prior to the expiration of the applicable grace
periods.  ECF 1-1 at ¶ 61.  Indeed, original Count III is
entitled in all capital letters and bold face type as "DEFENDANT
PNC – VIOLATIONS OF 12 U.S.C. § 1692(g)."  Id. at 18.  This is
augmented by the JURISDICTION and VENUE provision on page three
of the original complaint that states:

> Further, 12 U.S.C. § 2614 states "Any action pursuant to
> the provisions of section 6, 8, or 9 [12 USCS §2605, 2607,
> or 2608] may be brought in the United States district court
> or in any other court of competent jurisdiction."

ECF 1-1 at ¶ 10.    This provision and Count III are removed in the amended complaint.

The Carnegie-Mellon factors of fairness, judicial economy, convenience, and comity also weigh on balance against remand and warrant the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c).

Respecting fairness to the litigants, provisions of the original complaint were an invitation to PNC to file the notice of removal.[3]  Inasmuch as PNC accepted the opportunity, fairness is served by allowing the case to remain in the court to which it was removed, rather than allowing plaintiff to manipulate the forum.

Principles of judicial economy and convenience are balanced in that all individual parties and their counsel are local to Kanawha County and are within minutes of the United States Courthouse in Charleston (which is located in the block adjoining the Kanawha County Courthouse) unlike PNC, who

---

[3] Plaintiff asserts that the amended complaint was first prepared on Friday, March 1, 2024, intending to file it in circuit court on Monday, March 4, 2024, but that defendant PNC removed the case sometime in the afternoon of March 1.  ECF 9 at ¶¶ 4-7. The verification, which is attached to plaintiff's motion for leave to amend her complaint and relied upon in her memorandum supporting her motion to remand, shows a date of March 1, 2024. The verification was not filed in this court, along with the motion for leave and the amended complaint, until Tuesday, March 5, 2024.

willingly submitted itself to the court's jurisdiction in
removing the matter to federal court.  On the other hand, comity
may best be served by remanding the case to state court although
this court is familiar with the principles of state law that
will govern the state law claims in this case.

Accordingly, the court exercises the discretion
afforded it under 28 U.S.C. § 1367(c) and retains supplemental
jurisdiction over this action.  For the reasons set forth above,
the court hereby ORDERS that plaintiff's motion to remand be,
and hereby is, DENIED.

The Clerk is directed to transmit copies of this
memorandum opinion and order to counsel of record and any
unrepresented parties.

ENTER: April 18, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

13